UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES SABA, Individually and For Others Similarly Situated,<br><br>v.<br><br>PETROPLAN USA, LLC | Case No. 4:20-cv-2070<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |

## COMPLAINT

### SUMMARY

1. Petroplan USA, LLC (Petroplan) failed to pay James Saba (Saba) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Petroplan paid Saba and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3. Saba brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6. Petroplan's United States headquarters are in Houston, Texas, in this District and Division.

7. Saba performed work for Petroplan in this District and Division.

### THE PARTIES

8. During the relevant period, Saba was an hourly employee of Petroplan.

9. Throughout his employment with Petroplan, Saba was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

10. His written consent is attached herein as <u>Exhibit A</u>.

11. Saba brings this action on behalf of himself and other similarly situated workers who were paid by Petroplan's "straight time for overtime" system.

12. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of Petroplan during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

13. Saba seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

14. Petroplan may be served with process by serving its registered agent, Peter Huw Rothwell, at 2925 Briarpark, Suite 1200, Houston, Texas 77042.

## COVERAGE UNDER THE FLSA

15. At all times hereinafter mentioned, Petroplan was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Petroplan was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Petroplan was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said

enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. Petroplan has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

19. At all times hereinafter mentioned, Saba and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

20. Petroplan is a global recruiter for employers and professionals in the oil, gas, and energy sector.

21. In order to provide services to its clients, Petroplan hires employees (like Saba) it pays on an hourly basis.

22. Saba worked for Petroplan as a Planner.

23. Saba was paid roughly $100 an hour for every approved hour worked.

24. Saba was employed by Petroplan from approximately January of 2016 until April of 2018.

25. Saba was an hourly employee of Petroplan.

26. Saba was not paid a guaranteed salary.

27. Saba was staffed by Petroplan to Sasol, Ltd. in Texas and Louisiana.

28. Saba reported the hours he worked to Petroplan on a regular basis.

29. If Saba didn't work, he didn't get paid.

30. If Saba worked under 40 hours, he was only paid for the hours he worked.

31. But Saba would regularly work more than 40 hours in a week.

32. In fact, Saba routinely worked 50 hours a week.

33. For example, in the week ending on February 25, 2018, Saba worked 50 hours.

34. For that week, he was paid the same hourly rate for all 50 hours.

35. The hours Saba worked are reflected in Petroplan's payroll records.

36. Petroplan paid Saba the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

37. Petroplan did not pay Saba overtime for all hours worked in excess of 40 hours in a single workweek.

38. Rather than receiving time and half as required by the FLSA, Saba only received "straight time" pay for overtime hours worked.

39. This "straight time for overtime" payment scheme violates the FLSA.

40. Petroplan was aware of the overtime requirements of the FLSA.

41. Petroplan nonetheless failed to pay certain hourly employees, such as Saba, overtime.

42. Saba and the Putative Class Members perform job duties in furtherance of the energy industry and are subjected to similar compensation practices.

43. Saba and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

44. Saba and the Putative Class Members regularly worked in excess of 40 hours each week.

45. Petroplan did not pay Saba and the Putative Class Members on a salary basis.

46. Petroplan paid Saba and the Putative Class Members "straight time for overtime."

47. Petroplan failed to pay Sabaand the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

48. Petroplan knew, or acted with reckless disregard for whether, Saba and the Putative Class Members were paid in accordance with the FLSA.

49. Petroplan's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

50. The illegal pay practices Petroplan imposed on Saba were imposed on the Putative Class Members.

51. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

52. Numerous other individuals who worked with Saba were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

53. Based on his experiences and tenure with Petroplan, Saba is aware that Petroplan's illegal practices were imposed on the Putative Class Members.

54. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

55. Petroplan's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

56. Saba's experiences are therefore typical of the experiences of the Putative Class Members.

57. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

58. Saba has no interests contrary to, or in conflict with, the Putative Class Members.

59. Like each Putative Class Member, Saba has an interest in obtaining the unpaid overtime wages owed under federal law.

60. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Petroplan.

61. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

62. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Petroplan will reap the unjust benefits of violating the FLSA.

63. Furthermore, even if some Putative Class Members could afford individual litigation against Petroplan, it would be unduly burdensome to the judicial system.

64. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Petroplan, and to the Court.

65. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

66. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Petroplan required Saba and the Putative Class Members to work more than 40 hours during individual work weeks;

   b. Whether Petroplan's decision to pay Saba and the Putative Class Members straight time for overtime was made in good faith;

   c. Whether Petroplan paid Saba and the Putative Class Members on a salary basis;

        d.      Whether Petroplan failed to pay Saba and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

        e.      Whether Petroplan's violation of the FLSA was willful; and

        f.      Whether Petroplan's illegal pay practices were applied to Saba and the Putative Class Members.

67. Saba and the Putative Class Members sustained damages arising out of Petroplan's illegal and uniform employment policy.

68. Saba knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

69. Saba will fairly and adequately represent and protect the interests of the Putative Class Members.

70. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### CAUSE OF ACTION

71. By failing to pay Saba and the Putative Class Members overtime at one-and-one-half times their regular rates, Petroplan violated the FLSA's overtime provisions.

72. Petroplan owes Saba and the Putative Class Members overtime pay at the proper overtime rate.

73. Because Petroplan knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Petroplan owes these wages for at least the past three years.

74. Petroplan is liable to Saba and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

75. Saba and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

76. Saba demands a Jury trial.

## PRAYER

77. Saba prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

   b. A judgment finding Petroplan liable to Saba and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

   c. An order awarding attorneys' fees, costs, expenses, and judgment interest; and

   d. An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Fed. ID No. 27157
State Bar No. 24014780
**Andrew W. Dunlap**
Fed. ID No. 1093163
State Bar No. 24078444
**Richard M. Schreiber**
Fed. ID No. 705430
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

        **Richard J. (Rex) Burch**
        Fed. Id. 21615
        State Bar No. 24001807
        **BRUCKNER BURCH, PLLC**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        713-877-8788 – Telephone
        713-877-8065 – Facsimile
        rburch@brucknerburch.com

        **ATTORNEYS IN CHARGE FOR PLAINTIFF**